UNITED STATES DISTRICT COURT
                            DISTRICT OF SOUTH CAROLINA

| Marshall D. McGaha, # 928, | ) | C/A No. 6:10-2575-JMC-KFM |
| *aka* Marshall Dewitt McGaha, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| Waco F. Childers Jr., | ) | |
| | ) | |
| Defendant. | ) | |

## *BACKGROUND OF THIS CASE*

The plaintiff is a pre-trial detainee at the Greenville County Detention Center in Greenville, South Carolina. The defendant is a corporation engaged in the selling and buying of real estate. Information available from the South Carolina Secretary of State database on the LEXIS service indicates that the defendant is a "business profit" entity incorporated in South Carolina and in good standing. It was incorporated on July 13, 1960.

The complaint (ECF No. 1) was submitted with the first two pages missing. The plaintiff, however, submitted a summons and a Form USM-285 (ECF No. 3), which provide the identity and location of the defendant. The "STATEMENT OF CLAIM" portion of the complaint indicates that this civil action arises out of a work-related injury sustained by the plaintiff on January 15, 2010, when the plaintiff was attempting to remove a sink from a house owned or listed by the defendant. The sink, which weighed approximately one hundred fifty pounds, fell on the plaintiff when he unhooked the drain pipe. The plaintiff sustained injuries to his right wrist, his lumbar spine, and right shoulder. The

plaintiff has included discharge instructions and billing records from the Greenville Hospital System as exhibits (ECF No. 1-2).

## *DISCUSSION*

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints and petitions for relief and submit findings and recommendations to the District Court. The *in forma pauperis* statute authorizes a district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). Even under this less stringent standard, the *pro se* complaint remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

The defendant, which is a domestic South Carolina corporation, is subject to summary dismissal because it has not acted under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); and *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980).

There is no basis for diversity jurisdiction in this case. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy

in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). The diversity statute provides that a corporation is a citizen of the state of its incorporation and of the state in which it has its principal place of business. 28 U.S.C. § 1332(c).

Complete diversity of parties is absent in this case because both the plaintiff and the defendant are citizens of South Carolina. *See* 28 U.S.C. 1332; and *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). Moreover, the plaintiff cannot obtain workers compensation benefits in this civil action filed in federal court. *See*, *e.g.*, *Transportation Ins. Co. and Flagstar Corp. v. South Carolina Second Injury Fund*, 2010 WL 3542806 (S.C. Sept. 13, 2010).

### *RECOMMENDATION*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process.

The plaintiff's attention is directed to the important Notice on the next page.

October 12, 2010                                                            s/Kevin F. McDonald
Greenville, South Carolina                                United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).